In re MERCURY MACHINE TOOL & SUPPLY CORP., Debtor.

Bruce W. YOUNG, Plaintiff,

v.

William F. BEEMER, Trustee, Defendant.

Bankruptcy No. 81–81–ORL–BK–GP. Adv. No. 81–119.

United States Bankruptcy Court, M. D. Florida, Orlando Division.

Aug. 7, 1981.

Bernard D. Sommers, Maitland, Fla., for plaintiff.

William F. Beemer, Orlando, Fla., for Trustee.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

In 1977, the plaintiff took delivery of a Ward-Haggas-Smith engine lathe under lease with option to purchase from Circle Leasing of Florida. In September, 1978, the plaintiff placed the lathe on the debtor's lot for sale on consignment. The debtor was a dealer in equipment similar to the lathe and customarily sold new and used equipment of this sort. On the date of the petition, the lathe was still on the debtor's premises.

When Circle leased the lathe to the plaintiff, it recorded a UCC–1 against the plaintiff. Subsequent to the date of the petition, Circle filed a UCC–3 assigning its rights to the plaintiff. By virtue of this assignment, plaintiff claims rights in the lathe superior to those of the Trustee. The defendant argues that Circle's filing against the plaintiff is not good against the creditors of the debtor, since they would be unable to check with the Secretary of State to determine whether there were any liens on or claims against the property as it sat in the debtor's yard.

When he delivered the lathe to the debtor, the plaintiff did not file a UCC–1. Thus, as between his rights as consignor and the defendant's rights as Trustee, the Trustee prevails. UCC 9–114.

UCC 9–306(2) provides that a security interest continues in collateral notwithstanding sale, exchange or other unauthorized disposition. Because of the assignment, plaintiff contends that it stands in the shoes of Circle.

■ If the contest of priority were between the Trustee and Circle, Circle would win. UCC 9–306(2); *Walter E. Heller & Co., Southeast Georgia v. Raviana Foods, Inc.*, 648 F.2d 1059 (5th Cir. 1981). Only a buyer in the ordinary course of business would unquestionably take free of Circle's security interest. UCC §§ 2–403(2); 9–307(1). The strongarm powers of § 544 give a Trustee the rights of a judicial lien creditor, a creditor with an unsatisfied execution, and a bona fide purchaser of real property, but not of a buyer in the ordinary course of business or bona fide purchaser of personal property.[1]

■ Section 9–306(3) represents a balance between the desire of a supplier to maintain an interest in his goods and that of the creditor in relying on the apparent wealth of the debtor. *Walter E. Heller & Co. v. Riviana Foods, supra*, at 1062. Its purpose is to protect a secured party from unauthorized disposition of his collateral. The issue boils down to this: Having failed to protect itself as required by UCC 9–114, can the plaintiff bootstrap its priority by the assignment from Circle? In this case, the Court thinks not. The plaintiff should not be able to use his unauthorized disposition of collateral to overcome his negligence in failing to protect himself by filing.

Wherefore, in view of the foregoing discussion, a final judgment shall be entered on behalf of the Trustee and against the plaintiff.

---

1. It is obvious why the Bankruptcy Code does not grant the Trustee this power. If it did, security interests would be invalid in bankruptcy.